992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor J. RUSSELL, Plaintiff-Appellant,
v.
James HEINEMAN, Defendant-Appellee.
 No. 92-4020.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Victor Russell, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Russell sued a state mail room supervisor at the Southern Ohio Correctional Facility, in his individual and official capacities. Russell alleged that defendant violated his due process rights by failing to apprise him of the correct procedures for receiving mail, and returning a television that was mailed to him. Defendant filed a motion for summary judgment arguing that denying a prisoner a television does not rise to the level of a constitutional deprivation. A magistrate judge liberally construed Russell's complaint as raising a First Amendment mail withholding claim and a claim seeking relief under the Ohio Administrative Code, in addition to his due process claim. The magistrate judge recommended that the due process claim be dismissed, but that Russell be allowed to proceed with the remaining two claims. Following objections from both Russell and defendant, the magistrate judge filed a second report in which he agreed with defendant that the complaint did not raise a claim under the Ohio Administrative Code. The magistrate judge again recommended that the due process claim be dismissed, but concluded that Russell could proceed with his First Amendment mail withholding claim.
 
 
 3
 Over renewed objections by defendant, the district court adopted this recommendation. Thereafter, defendant filed a motion for leave to file a motion for summary judgment. Defendant argued that Russell waived his right to proceed with the present action because he had filed a suit in the Ohio Court of Claims, based on the same facts presented in the present action to support his mail-withholding claim under the First Amendment. Russell responded, arguing that he had not filed a suit in the Ohio Court of Claims. The district court granted defendant's motion for summary judgment, and Russell has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court improperly granted summary judgment to the defendant. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 First of all, there is a genuine issue of material fact regarding whether Russell filed suit in the Ohio Court of Claims, or to what extent, if any, Russell authorized his parents to file suit on his behalf. Thus, there is a dispute over facts that might affect the outcome of the suit under the governing law. Therefore, summary judgment is not proper. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Second, the record does not establish that the defendant is entitled to judgment as a matter of law because the defendant did not establish that plaintiff was familiar with the provisions of the Court of Claims Act, or that he knowingly, intelligently, and voluntarily waived his right to sue defendant in federal court. See Ohio Rev.Code § 2743.02(a)(1) (1992); Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities, 825 F.2d 946, 956 (6th Cir.1987), cert. denied, 487 U.S. 1204 (1988); Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir.1990), cert. denied, 111 S.Ct. 1391 (1991).
 
 
 7
 Accordingly, without commenting on the ultimate merits of Russell's claims, we hereby vacate the district court's judgment, and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.